I respectfully dissent from the majority opinion.
The trial court found the appellant did not put anything into his mouth from the time he was arrested at 2:25 a.m. until the time a breath sample was obtained at 3:47 a.m.. The trial court further found there was continuous observation of the appellant for the required twenty minutes prior to obtaining the breath alcohol sample. This meets the checklist requirement: "Observe subject for twenty minutes prior to testing to prevent oral intake of any material.[1]" I agree with appellee, the rule only addresses oral intake during the twenty minute observation period. It does not address the possibility that the subject had a substance in his or her mouth prior to the twenty minute observation period. I agree with the trial court that the State of Ohio strictly complied with the twenty minute observation period.
I find State v. Karns[2] factually distinguishable from the case subjudice. In Karns, the stipulation did not specify when the subject put the gum in her mouth. Because the State had the burden to demonstrate strict compliance with the rule, we found the test in Karns should have been suppressed.
I also find State v. Kirkpatrick distinguishable. In Kirkpatrick, the trial court found the trooper did not continually observe the subject for twenty minutes prior to the test. The trial court further found the subject ingested a bag of candy while on the bench during the twenty minute period. This Court found the test in Kirkpatrick should have been suppressed.
In contrast, the evidence in this case affirmatively establishes appellant did not "intake" anything into her mouth during the twenty minutes of continuous observation prior to the test. Accordingly, I would affirm the judgment of the trial court.
[1] BAC DataMaster Test Report Form.
[2] (July 21, 1998), Fairfield App. No. 97CA0002, unreported.